

SEALED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No.: 18Cr10345 |
| ) | |
| v. ) | VIOLATIONS: |
| ) | |
| NICOLE A. LESCARBEAU, ) | Counts One – Three: Wire Fraud |
| ) | (18 U.S.C. § 1343) |
| Defendant ) | |
| ) | Counts Four - Eight: Bank Fraud and |
| ) | Aiding and Abetting |
| ) | (18 U.S.C. §§ 1344 and 2) |
| ) | |
| ) | Count Nine: Aggravated Identity Theft |
| ) | (18 U.S.C. § 1028A(a)(1)) |
| ) | |
| ) | Forfeiture |
| ) | 18 U.S.C. § 982(a)(2)(A) |

## INDICTMENT

### General Allegations

At all times relevant to this Indictment:

1. Defendant Nicole A. Lescarbeau ("LESCARBEAU") was an individual who resided in Canton, Massachusetts.

2. LESCARBEAU maintained a personal checking account ending in 3738 at Bank of America, N.A ("Bank of America"). LESCARBEAU and her husband also co-owned a joint account ending in 5264 at Citibank, N.A. ("Citi").

3. LESCARBEAU also had access to a Citi business bank account ending in 9926 and a Bank of America business bank account ending in 9535 – both of which were opened in

the name of a company owned by her husband. LESCARBEAU, who helped manage the financials for her husband's company, was able to access the company's online bank accounts.

4. Non-Profit A was a tax exempt 501(c)(3) organization based in Boston, Massachusetts.

5. Victim-1 was the Co-Chairman of the Board of Directors for Non-Profit-A. Victim-2 was a senior employee at Non-Profit A.

6. Non-Profit A maintained business accounts ending in 7401 and 3971 at Bank of America. Only Victim-1 and Victim-2 had signatory authority over these accounts.

7. Bank of America was a financial institution as defined in 18 U.S.C. § 20.

8. From in or around August 2013 to in or around January 2018, LESCARBEAU was employed as Non-Profit A's chief operating officer.

9. Among LESCARBEAU's duties and responsibilities as chief operating officer was managing incoming invoices, paying bills by check and wire transfer, paying credit card bills, financial account maintenance, and bookkeeping. As a result, LESCARBEAU had access to Non-Profit A's checkbook, bookkeeping and accounting software (Quickbooks), and online bank accounts at Bank of America.

Overview of the Scheme

10. Beginning in approximately August 2013 and continuing until her termination in approximately January 2018, LESCARBEAU stole more than $1.3 million from Non-Profit A's bank accounts and used those funds for personal expenses.

*Unauthorized Use of Non-Profit A's Bank Account Checks*

11. As part of the scheme, LESCARBEAU printed unauthorized checks made payable to herself and others, using Non-Profit A's accounting software. In the process, LESCARBEAU affixed electronic versions of Victim-1 and Victim-2's signatures to the checks and printed them out. LESCARBEAU did so without the authorization of Victim-1 or Victim-2 (or any other authorized person) and for no business purpose.

12. In order to make the checks appear as if they were issued for a valid business purpose, LESCARBEAU sometimes added an entry to the check memo line to indicate that the funds were for her services as a "Vendor." LESCARBEAU, however, was a salaried employee of Non-Profit A and was not entitled to vendor fees.

13. LESCARBEAU then endorsed the unauthorized checks and deposited them into bank accounts she owned or controlled – including the Bank of America accounts ending in 3738 and 9535, as well as the Citi accounts ending in 5264 and 9926.

14. In total, LESCARBEAU embezzled approximately $542,877.82 from Non-Profit A's bank accounts at Bank of America by issuing and negotiating unauthorized checks.

*Unauthorized Wires from Non-Profit A's Bank Accounts*

15. As part of the scheme, LESCARBEAU also made unauthorized wire transfers to herself and others using Non-Profit A's bank accounts at Bank of America. To do so, LESCARBEAU accessed Non-Profit A's online bank accounts at Bank of America and directed payments be made, via wire transfer, to herself and others. LESCARBEAU did so without authorization and for no business purpose.

16. By way of these wire transfers, LESCARBEAU directed unauthorized payments out of Non-Profit A's bank accounts at Bank of America to: (a) bank accounts she owned or controlled – including the Bank of America accounts ending in 3738 and 9535, as well as the Citi accounts ending in 5264 and 9926; (b) Capital One, to pay her personal credit card bills; and (c) other bank accounts in order to pay third parties for her own personal benefit.

17. LESCARBEAU initiated these unauthorized wire transfers from Massachusetts by logging on to the Non-Profit's online bank accounts at Bank of America and directing wire transfers out of the Non-Profit's bank accounts that, while on route to their final destinations, traveled from New York and to, amongst other places, Texas and China.

18. In total, LESCARBEAU embezzled approximately $534,590.98 from Non-Profit A's bank accounts at Bank of America by way of making unauthorized wire transfers.

*Unauthorized Personal Charges to Non-Profit A's Credit Cards*

19. As part of the scheme, LESCARBEAU also made unauthorized charges using Non-Profit A's American Express and Capital One business credit cards. For instance, LESCARBEAU repeatedly charged personal items – such as rental cars and hotel rooms – to Non-Profit A's credit cards. LESCARBEAU did so without authorization and for no business purpose.

20. LESCARBEAU paid the American Express and Capital One credit card bills for using funds from Non-Profit A's bank accounts at Bank of America.

21. In total, LESCARBEAU embezzled approximately $311,848.62 from Non-Profit A's bank accounts at Bank of America through unauthorized charges to Non-Profit A's credit cards.

COUNTS ONE TO THREE:          18 U.S.C. § 1343 – Wire Fraud

The Grand Jury charges that:

22.     Paragraphs 1 through 21 of this Indictment are re-alleged and incorporated by reference.

23.     On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

NICOLE A. LESCARBEAU,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Date | Description |
|---|---|---|
| 1 | August 11, 2015 | $6,000 foreign wire transfer from Non-Profit A's Bank of America account ending in 7401 in the United States to a bank account in China. |
| 2 | July 14, 2016 | $655.89 interstate wire transfer from Non-Profit A's Bank of America account ending in 3971 to LESCARBEAU's Citi account ending in 5264. |
| 3 | June 21, 2017 | $1,200.00 interstate wire transfer from Non-Profit A's Bank of America account ending in 3971 to LESCARBEAU's Citi account ending in 5264. |

All in violation of Title 18, United State Code, Section 1343.

COUNTS FOUR TO EIGHT:   18 U.S.C. § 1344 – Bank Fraud; 18 U.S.C. § 2 – Aiding and Abetting

The Grand Jury further charges that:

24.  Paragraphs 1 through 21 of this Indictment are re-alleged and incorporated by reference.

25.  On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

NICOLE A. LESCARBEAU,

did knowingly execute and attempt to execute a scheme and artifice to defraud a federally insured financial institution, that is, Bank of America, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of Bank of America, by means of materially false and fraudulent pretenses, representations, and promises, in that, defendant, without authorization, printed checks drawn on Non-Profit A's Bank of America account ending in 3971 and deposited such checks into her Citi account ending in 5264, as follows:

| Count | Date | Check No. | Amount |
|---|---|---|---|
| 4 | January 21, 2014 | 9457 | $8,275.64 |
| 5 | December 29, 2015 | 9742 | $6,200.00 |
| 6 | January 6, 2016 | 9744 | $4,182.73 |
| 7 | May 5, 2016 | 9774 | $4,800.00 |
| 8 | March 24, 2017 | 9879 | $5,235.00 |

All in violation of Title 18, United States Code, Sections 1344 and 2.

COUNT NINE: 18 U.S.C. § 1028A(a)(1) - Aggravated Identity Theft

The Grand Jury further charges that:

26. Paragraphs 1 through 21 of this Indictment are re-alleged and incorporated by reference.

27. On or about January 21, 2014, in the District of Massachusetts and elsewhere, the defendant,

NICOLE A. LESCARBEAU,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to a felony in violation enumerated in 18 U.S.C. § 1028A(c), to wit, bank fraud, in violation of 18 U.S.C. § 1344, as charged in Count Five.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

...

FORFEITURE ALLEGATION: 18 U.S.C. § 982(a)(2)

The Grand Jury further alleges that:

28.   Upon conviction of one or more of the offenses alleged in Counts One through Eight of this Indictment, the defendant,

NICOLE A. LESCARBEAU,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses.

29.   If any of the property described in Paragraph 27, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant,

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 28 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL

/s/ Glenda Duclos
FOREPERSON

/s/ Kriss Basil
KRISS BASIL
JUSTIN D. O'CONNELL
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts:  September 26, 2018
Returned into the District Court by the Grand Jurors and filed.

/s/ Thomas F. Quinn
DEPUTY CLERK                    9/26/2018
                                @ 2:17 pm

9