

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*          *John Joseph Moakley United States Courthouse*
                                          *1 Courthouse Way*
                                          *Suite 9200*
                                          *Boston, Massachusetts 02210*

September 3, 2019

Jessica Thrall, Esq.
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, Massachusetts 02210

      Re:     <u>*United States v. Nicole A. Lescarbeau*, 1:18-cr-10345-RGS-JGD</u>

Dear Ms. Thrall:

     The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Nicole A. Lescarbeau ("Defendant"), agree as follows:

     1.     <u>Change of Plea</u>

     No later than December 13, 2019, Defendant will plead guilty to the eight counts in the Indictment charging her with (a) three counts of wire fraud, in violation of Title 18, United States Code, Section 1343, (b) four counts of bank fraud, in violation of Title 18, United States Code. Sections 1344 and 2, and (c) one count of aggravated identify theft, in violation, of Title 18, United States Code, Section 1028(A)(a)(1).  Defendant admits that she committed the crimes specified in the Indictment and is in fact guilty of those crimes.  Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Indictment.  Defendant agrees to the accuracy of the Indictment.

     2.     <u>Penalties</u>

Defendant faces the following maximum penalties:

- <u>Wire Fraud</u>: incarceration for 20 years; supervised release for 3 years; a fine of $250,000, or twice the gross gain or loss, whichever is greater; a mandatory

1

special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment;

- Bank Fraud: incarceration for 30 years; supervised release for 5 years; a fine of $1,000,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment; and

- Aggravated Identify Theft: incarceration for a mandatory two years consecutive to any term imposed for the remaining offenses charged in the Indictment; supervised release for 1 year; a fine of $250,000 or twice the gain or loss, whichever is highest; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

3.      Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 20:

a) Defendant's base offense level is 7, because Defendant is pleading guilty to an offense of conviction with statutory maximum term of imprisonment of 20 years or more (USSG § 2B1.1(a)(1));

b) Defendant's offense level is increased by 14, because the gain or loss from the offense of conviction is more than $550,000, but not more than $1.5 million (USSG § 2B1.1(b)(1)(H));

c) Defendant's offense level is increased by 2, because Defendant abused a position of private trust (USSG § 3B1.3); and

d) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for her crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw her guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in her sentence based on acceptance of responsibility if: (a) at sentencing, Defendant does not clearly accept responsibility for the crime she is pleading guilty to committing; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category are reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

2

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.      <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a)  a term of imprisonment of 57 months;

   b)  a fine or other financial penalty within the Sentencing Guidelines range;

   c)  36 months of supervised release;

   d)  a mandatory special assessment of $900, which Defendant must pay to the Clerk of the Court by the date of sentencing;

   e)  restitution of $1,139,287.74; and

   f)  forfeiture as set forth in Paragraph 6.

5.      <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge her conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that her conviction or sentence should be overturned.

Defendant understands that she has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

   a)  She will not challenge her <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit;

   b)  She will not challenge any prison <u>sentence</u> of 65 months or less or any court orders related to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement; and

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 57 months or more.

Defendant understands that, by agreeing to the above, she is agreeing that her conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case.  That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge her conviction and sentence, regardless of whether she later changes her mind or finds new information that would have led her not to agree to give up these rights in the first place.

Defendant acknowledges that she is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that her lawyer rendered ineffective assistance of counsel, or that the prosecutor engaged in misconduct serious enough to entitle Defendant to have her conviction or sentence overturned.

6.    Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

    a.    $1,139,287.74 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant admits that $1,139,287.74 is subject to forfeiture on the grounds that it is equal to the amount of proceeds the defendant derived from the offense.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty.  Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the

forfeiture in the judgment.  Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest.  Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney.  Defendant agrees that the United States Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7.      Protection of Assets for Payment of Restitution, Forfeiture and Fine

Without the written approval of the U.S. Attorney, Defendant agrees not to transfer, or to cause or allow anyone else to transfer, (a) any asset restrained by the Court or which Defendant has agreed to forfeit under this Agreement; or (b) any other asset in which Defendant has an interest.

The parties also agree, however, to the following exceptions to the above.  Defendant is free to transfer, or to cause or allow others to transfer:

a)  Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $ 5,000;

b)  Ordinary living expenses, so long as such assets do not exceed $5,000 per month; and

c)  Attorney's fees incurred in this criminal case.

The prohibitions in this paragraph remains in effect until Defendant has paid any fine, forfeiture, or restitution ordered by the Court.

Defendant also agrees to complete, truthfully and accurately, the enclosed sworn financial statement within 30 days of signing this Agreement.

5

8.    <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to her criminal conduct and guilty plea to the charge specified in Paragraph 1 of this Agreement.

9.    <u>Breach of Plea Agreement</u>

Defendant understands that if she breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw her guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials she provided to the government during investigation or prosecution of her case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, she thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10.    <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11.    <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*        *        *

6

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.   Please also sign below as Witness.   Return the original of this letter to Assistant U.S. Attorney Justin D. O'Connell.

Sincerely,

ANDREW E. LELLING
United States Attorney

By:

STEPHEN E. FRANK
Chief, Securities and Financial Fraud Unit
JORDI DE LLANO
Deputy Chief, Securities and Financial Fraud Unit

JUSTIN D. O'CONNELL
Assistant U.S. Attorney

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

Nicole A. Lescarbeau
Defendant

Date:      11/25/19

I certify that Nicole A. Lescarbeau has read this Agreement and that we have discussed what it means. I believe Nicole A. Lescarbeau understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Jessica Thrall, Esq.
Attorney for Defendant

Date:      12/4/19

8