UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 18-10345-RGS |
| | ) |
| NICOLE A. LESCARBEAU, | ) |
| Defendant. | ) |

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case, pursuant to 18 U.S.C. § 982(a)(2) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Order of Forfeiture (Money Judgment) is submitted herewith. In support thereof, the United States sets forth the following:

1.  On September 26, 2018, a federal grand jury sitting in the District of Massachusetts returned a nine-count Indictment, charging defendant Nicole A. Lescarbeau (the "Defendant"), with Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts One through Three); Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 2 (Counts Four through Eight); and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Nine).

2.  The Indictment included a Forfeiture Allegation, pursuant to 18 U.S.C. § 982(a)(2), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of one or more of the offenses charged in Counts One through Nine of the Indictment, of any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offenses.

3.  The Forfeiture Allegation of the Indictment also provided notice that, in the event

that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property identified in Paragraph 2 above.

4. On December 16, 2019, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Nine of the Indictment, pursuant to a written plea agreement signed by the Defendant on November 25, 2019. *See* Docket No. 58.

5. In Section 6 of the written plea agreement, the Defendant agreed that the assets to be forfeited specifically included, without limitation, an Order of Forfeiture (Money Judgment) in the amount of $1,139,287.74 in United States currency. The Defendant admitted that the $1,139,287.74 in United States currency is subject to forfeiture on the grounds that it was equal to the amount of proceeds the Defendant derived from the offenses of the Indictment to which the Defendant pled guilty. Further, the Defendant agreed to consent to the entry of a forfeiture money judgment in the amount of $1,139,287.74 in United States currency. *Id.* at 4.

6. Based on the Defendant's admissions in the written plea agreement and her guilty plea on December 16, 2019, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $1,139,287.74 in United States currency, pursuant to 18 U.S.C. § 982(a)(2), as the amount $1,139,287.74 in United States currency constitutes proceeds the Defendant directly obtained as a

result of violations of 18 U.S.C. §§ 1343, 1344 and 1028A.

7.  The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace.  *See*, *e.g.*, *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense).

8.  Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment.  *See United States v. Saccoccia*, 564 F.3d 502, 506-507 (1st Cir. 2009) (once government has obtained money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

9.  Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.  Such discovery may include the taking of depositions of witnesses.  *See* 21 U.S.C. § 853(m), (making Section 853 applicable to all criminal forfeiture cases); *see also*, *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture).  In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure.  Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, the United States requests that this Court:

(a)     enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b)     include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence;

(c)     retain jurisdiction in the case for the purpose of enforcing the Order of Forfeiture (Money Judgment); and

(a)     incorporate the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

                                Respectfully submitted,

                                ANDREW E. LELLING
                                United States Attorney,

By:     */s/ David G. Lazarus*
        JUSTIN D. O'CONNELL
        KRISS BASIL
        DAVID G. LAZARUS
        Assistant United States Attorneys
        United States Attorney's Office
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100

Date:  January 30, 2020        David.Lazarus2@usdoj.gov