**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 18-CR-10345-RGS |
| | ) | 21-CR-10139-DJC |
| NICOLE A. LESCARBEAU | ) | |

**ASSENTED TO MOTION FOR CONSOLIDATION**

Now comes the Defendant, Nicole Lescarbeau who respectfully requests that this Honorable Court consolidate the two above captioned matters to a single district court judge, specifically to Judge Stearns, pursuant to Local Rule 40.1(b)(i)(2).

Rule 401.1(b)(i)(2) states: *"A district judge may transfer a criminal case to another district judge, with the consent of (1) the other judge, (2) the chief judge, and (3) the parties in the transferred case, in order to permit a defendant charged in multiple criminal cases to plead guilty, to stand trial, to be sentenced, or otherwise to address in a single proceeding multiple criminal cases in which that defendant has been charged."*

Ms. Lescarbeau plead guilty on December 13, 2019. The sentencing has been postponed several times as Ms. Lescarbeau for several reasons, including the COVID-19 pandemic. In December of 2020, Ms. Lescarbeau was arrested on new allegations, the subject of 21-CR-10139-DJC. Since her arrest, the parties have engaged in negotiations around a new plea agreement with the intention of requesting that both cases eventually be consolidated into one sentencing hearing. That plea agreement was executed at the end of April, 2021 and the information filed on May 3, 2021.

After the information was filed, as occurs in the ordinary course a District Court docket number generated and automatically, randomly, assigned a District Court Judge. In this instance the new case was assigned to Judge Casper.

Defense Counsel makes the request to consolidate these matters as the issues that are relevant to the original charge are intrinsic to the new indictment.

Ms. Lescarbeau's conduct in both cases is similar as both cases involve theft from an employer that is alleged to have occurred using a similar pattern. Furthermore, her family circumstances, education, medical issues employment and other factors related to sentencing in the first case will also be relevant and material to a disposition on the new matter. The materials presented by the parties, the arguments made by the parties, witnesses who may need to be produced by the government, any statements made by the Probation Department or by the Defendant herself – all will be duplicated if they are repeated in two different forums, on different dates and times. To the extent that any issues of fact or credibility need to be evaluated by the Court, it is appropriate for those determinations to be made by one judge, one time.

In addition, Judge Stearns has already conducted a Rule 11 Hearing with Ms. Lescarbeau. Judge Stearns has some familiarity with her and is in the best position to evaluate a potential sentence on this new charge, allegedly committed at the same time she was on release for a very similar offense.

If for no other reason than that of judicial economy, it is appropriate to consolidate these two cases and permit them to be heard by one judge; we ask that this be Judge Stearns.

As the rule anticipates, we ask that both Judge Stearns and Judge Casper communicate with one another and with Chief Judge Saylor to determine whether consolidation is appropriate.

Counsel has conferred with AUSA Justin O'Connell who assents to this request.

Respectfully submitted,

NICOLE LESCARBEAU
By his Attorney
Respectfully submitted,

*/s/ Jessica Thrall*
Jessica Thrall, B.B.O.: 670412
Assistant Federal Public Defender
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
Tel: 617-223-8061

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 4, 2021.

*/s/ Jessica Thrall*
Jessica Thrall