UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 18-10345-RGS

UNITED STATES OF AMERICA

v.

NICOLE A. LESCARBEAU

MEMORANDUM AND ORDER ON
DEFENDANT'S EMERGENCY MOTION
FOR MODIFICATION OF SENTENCE
AND COMPASSIONATE RELEASE

April 13, 2022

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is very limited. A sentence once imposed may not be modified except to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c). There is a narrow exception enacted by Congress that took effect on December 21, 2018. Under 18 U.S.C. § 3582(c)(1)(A), a district court, on a motion by the Director of the Bureau of Prisons (BOP) or by a defendant who has exhausted her administrative rights, may order a compassionate reduction of sentence: (1) on a finding of "extraordinary and compelling reasons" warranting such

a reduction; or (2) on findings that apply to elderly long-term inmates suffering from terminal or self-debilitating illnesses and who, as a result, are no longer deemed a danger to the safety of any person or the community.[1] Petitioner Nicole Lescarbeau, who is relatively young and does not suffer from a terminal or debilitating illness, does not fit the eligibility criteria that apply to the second statutory category of inmate described in the statute.

Lescarbeau was sentenced by the court on June 24, 2021, to 72-months imprisonment followed by five years of supervised release, after she pled guilty to the serial embezzlement over seven years of more than $1.4 million from two nonprofit organizations by whom she had been employed. Her projected release date from custody is January 11, 2026. To date, she has served only a fraction of her committed sentence. She is currently confined at FCI Danbury.

In her motion, Lescarbeau asks that her committed sentence be reduced to time served with the balance to be remitted because of the threat of infection posed by the COVID-19 virus in a prison setting. Lescarbeau, as her medical records indicate, is relatively healthy, presenting only commonplace middle-aged complaints of obesity, high blood pressure, and

---

[1] The government does not argue in its opposition that Lescarbeau has failed to exhaust her administrative remedies.

asthma. She has already contracted and recovered fully from a mild case of COVID-19 in the past five months which confers and added level of immunity to that provided by the vaccinations made available by the Bureau of Prisons to federal inmates.

The gravamen of Lescarbeau's complaint is that prisons, including FCI Danbury, like other congregate settings, are prone to outbreaks of COVID-19. While her concern is understandable, it is not among the conditions that courts (and there are many) reviewing compassionate release motions have found to be "extraordinary and compelling." Lescarbeau maintains that she is at low risk of reoffending, a proposition I cannot agree with as she was convicted of two instances of recidivist conduct, the second of which occurred while she was on pretrial release after the first indictment.[2]

While I appreciate as much as any judge the impact of COVID-19 on the prison population, and on society at large, unless we are to make the decision that all prisoners should be released because of the pandemic, there must be a means of differentiating those eligible for release from those who are not. In setting the conditions that justify compassionate release, Congress made its best effort to provide judges with the tools they need to

---

[2] Her only other ground for seeking release is her desire to be more readily available for her two teenage daughters, one of whom is an adult and the other nearly so.

make these difficult and, at times, wrenching decisions.[3] Because Lescarbeau does not meet any of the mandated eligibility criteria, she is not a candidate for compassionate release.

Because I can foresee no circumstances under which Lescarbeau could be deemed eligible at present for compassionate release, I see no reason for a hearing on the matter.

ORDER

For the foregoing reasons, the Motion for Compassionate Release is <u>DENIED</u>.

        SO ORDERED.

        <u>/s/ Richard G Stearns</u>
        UNITED STATES DISTRICT JUDGE

---

[3] Congress, in addition to the quantitative criteria set out in § 3582(c)(1)(A)(ii), directs courts to those set out in the Bail Reform Act and the policy statements of the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). None of these has a bearing on Lescarbeau's petition.